## Milliron v. Jefferson County.

Charles J. Margiotti, W. M. Gillespie, Sebastian Pugliese and Edward Friedman, for plaintiff.

Wilson & Wilson, County Solicitors, for defendant.

HARVEY, P. J., 18th judicial district, specially presiding, Dec. 20, 1929.— Merle C. Milliron, the plaintiff, is owner of a tract of land, containing about

135 acres, in Perry Township, in Jefferson County, Pennsylvania. In the year 1925 the State Highway Department and those acting under it entered in and upon the said tract of land of plaintiff and relocated the public road through and over said land, and during the same year the construction of said road or highway was proceeded with to completion. Under the law, it is the duty of the county commissioners to provide or arrange for the right of way of highways constructed as this was under supervision of the State Highway Department.

No releases or amicable agreements were entered into between the plaintiff and the county commissioners covering damages, if any, by reason of the taking of land and construction of the roadway in, over and across the land of plaintiff. Proceedings to assess damages for the taking of land and construction of said roadway were begun by plaintiff against the Commissioners of Jefferson County at No. 64, April Sessions, 1926, by petition filed May 10, 1926, wherein were set out the damages alleged to have been occasioned by reason of the relocation of roadway, the taking of land, and damages sustained generally by the plaintiff connected with the construction of the roadway. Viewers were appointed to view the premises and conclude upon the advantages and disadvantages and damages, if any, and make report to the court. This was done. The county commissioners appealed from the award of the viewers. The appeal was entered at No. 154, October Term, 1926, C. P. Jefferson County, Penna. Upon trial of the matter, a verdict was brought in by the jury worded as follows: "And now, to wit, Sept. 13, 1928, we, the jurors empaneled in the above-entitled case, find damage to the amount of Four hundred dollars ($400.00) and interest of Forty-nine dollars ($49.00) damage to crops and land by reason of the State of Pennsylvania appropriating a portion of his land for State Highway." Signed J. C. Jordan, Foreman. The verdict recorded upon the County Records, C. D. 91, page 264, is as follows:

Milliron v. Jefferson County.
No. 154, Oct. Term, 1926.
September 13, 1928, Jury find for the Plaintiff in the
sum of $449.00."

Motions for a new trial were filed by the plaintiff, in substance, as follows:
(a) The verdict is against the weight of the evidence.
Additional reasons filed Oct. 23, 1928:

1. That the jury empaneled in the case did not decide the same upon the evidence and the law, but the members thereof were unduly influenced and prejudiced by one of their members, to wit, Mrs. Effie Ditty.

2. That the said Mrs. Effie Ditty, at a noon recess, before the charge of the court, stated in substance that she was against the plaintiff, and was not in favor of awarding him more than $400, which was the amount offered to him by the county commissioners. There was no evidence in the case of an offer of $400, or any other offer made by the county commissioners to the plaintiff, which indicates that said jury was influenced and prejudiced by personal knowledge and facts which were not at issue in the trial.

3. That the said Mrs. Effie Ditty stated to other members of the jury who were in favor of awarding the plaintiff substantial damages that she was opposed to the same, and that she would stay there, referring to the jury-room, forever if she did not have her way.

After hearing testimony upon the reasons, including the "additional reasons for new trial" filed, we filed an opinion overruling the several reasons and refused the motion for new trial.

On Sept., 18, 1929, a motion to *set aside the verdict* was filed for the reasons set out therein, viz.:

1. The jury do not state in their verdict that they find in favor of the plaintiff.

2. The jury failed to give the total sum which they find in their verdict, although they do say "damage" $400 and "interest of $49."

3. No judgment could be entered on this verdict in favor of the plaintiff.

4. No judgment could be entered on this verdict against the defendant, Jefferson County.

A rule to show cause was granted the same date, returnable on the current argument list.

Answer to plaintiff's motion to set aside the verdict was filed Nov. 26, 1929, by defendants, as follows, to wit:

Reason No. 1. Deny that jury did not state in their verdict that they found in favor of the plaintiff and aver that the jury did find for the plaintiff, Merle C. Milliron.

Reason No. 2. Deny that jury failed to give the total sum which they found in their verdict, and aver that the jury found in the sum of $449.

Reason No. 3. Deny conclusion of law.

Reason No. 4. Deny conclusion of law.

On Nov. 27, 1929, we heard the arguments of counsel upon the rule. We note the variance between the written "verdict" filed among the papers in the case and the verdict recorded upon the records in the clerk's office. The court confesses that his recollection is very indistinct as to receiving the verdict. We do remember clearly in our charge to the jury, towards the end, as follows, to wit: *"Now if you find from the testimony* that this defendant (in appeal) suffered damages, that *there is an amount of damages due to Mr. Milliron over the advantages,* you should *add* to them an amount as a penalty for failure to settle with him interest on that amount from Aug. 30, 1926." Whether in this case or not, we cannot say positively, but we do know that in other similar cases, if not in this, where the verdict is general, we have "molded the verdict," as provided by law, where it is not in proper form by requiring the jury to combine penalty with damages where damages were found. The clerk of this court is a competent and efficient officer. We cannot conceive that he would record any verdict not under proper instructions from the court. The quotation from the charge evidences, at least, that the court had one of the points complained of in mind, namely, adding a penalty equal to "interest" to the damages arrived at. No one but the court could properly so reform or mold the verdict. The attention of the trial judge was certainly never called to the variance between the "verdict" found among the record papers and the verdict as recorded, from the time of the verdict recorded in the case, Sept. 13, 1928, until notified and requested to hear and pass upon the rule granted on motion to set aside the verdict filed Sept. 18, 1929. We admit that the "form" of the "verdict" submitted by the jury in its presentation to the court was incorrect in wording, but its meaning was plain. "Damage to crops and land by reason of the State of Pennsylvania appropriating a portion of his land for State highway" can by no process of reasoning be construed to mean other than damages to the land of Merle C. Milliron, plaintiff or petitioner, in No. 154, October Term, 1926, and against Jefferson County, and that $449 was the "amount" awarded to him (Merle C. Milliron) in compensation for such damages and delay in settlement. We certainly do not seek to take refuge behind a fortuitous recordation of a verdict in proper form in this case unless the same had been properly molded by the court, and

had we the least doubt as to what the jury meant in its original submission, we would assuredly give the plaintiff, Mr. Milliron, the "benefit of that doubt" in our ruling herein. As it stands, we believe "the verdict *recorded* in court is the only proper verdict; the paper verdict returned by the jury is not evidence:" Gibson, J., in Dornick et al. *v.* Reichenback, 10 S. & R. 84. We, therefore, are constrained to and do hold that the verdict recorded in C. D. No. 91, page 264, is the true and proper verdict of the jury in this case.

Rule discharged. Motion to set aside the verdict is refused.

From Raymond E. Brown, Brookville, Pa.